IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-2057 JTM/DWB |
| ) | |
| S & S QUALITY MEATS, LLC, ) | |
| a/k/a Fanestil Meats, a Kansas limited ) | |
| liability company, ) | |
| ) | |
| Defendant. ) | |

## JOINT PROTECTIVE ORDER

COMES NOW Defendant S & S Quality Meats LLC, (hereinafter "S & S"), by and through its attorneys, John Waldeck and Meagan Patterson and Plaintiff Jennifer Dorsey, by and through her attorney, Albert Kuhl and stipulate to the terms of this Order and with the Court being fully advised in the premises, it is hereby ORDERED:

1. **Good Cause for Protective Order**: Plaintiff filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) and state law. This matter arises from the termination of Plaintiff and Plaintiff's allegations that she was terminated in retaliation for having made protected communications regarding unwelcome treatment of a sexual nature she sustained from a co-worker. Defendant denies Plaintiff's allegations and asserts that she was terminated for a legitimate reason under the employment at-will doctrine. This Order protects two main types of confidential documents. First, the protection of confidential business information of S & S should information or documents be produced containing this type of information, including but not limited to, proprietary information, tax returns and financial statements. Second, the protection of confidential documents and information regarding current employees or former employees of S & S (hereinafter "S & S employees") should

information or documents be produced containing this type of information, including but not limited to, S & S employees' personnel files, wage and tax information.

The privacy interests in such information substantially outweigh the public's rights or access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c). If the confidential business information regarding S & S were known to the general community, such knowledge could be used to further outside parties business interests or lead to embarrassment, and could potentially impact upon Defendant S & S in regards to its business operations. Furthermore, the confidential S & S employees' information contains personal information regarding third parties to this lawsuit and their privacy rights should be protected.

2. **Confidential Information**: The parties have agreed that any confidential business information of S & S; any information or documentation pertaining to financial information of S & S including proprietary information, tax returns and financial information; and any confidential documents and information regarding S & S employees shall be used only for purposes of this lawsuit and will be treated as confidential.

3. **Purpose of the Order**: The purpose of this Order is to prevent the disclosure of private information, or information contained within documents, deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation. Moreover, the Confidential Information, may be reviewed by the parties with their attorneys of record, shall not be copied or disseminated to the parties for their personal use, nor shall either party have the right to maintain a copy of the Confidential Information for their personal use. The parties are explicitly ordered to not discuss or share any portion of the Confidential Information with persons who are not parties or agents of parties to this action. The only persons who shall retain a copy of the Confidential Information, unless otherwise Ordered by this Court, are the parties respective counsel of record.

4. **Designating Documents and Interrogatory Answers as Confidential**:  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Parties to this action may also designate deposition testimony relating to these maters as "Confidential Information" by advising opposing counsel of record, in writing, within 10 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under this Protective Order.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

5. **Disclosure of Confidential Information**: Any documents or interrogatory answers which are marked as "Confidential" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties or Ordered by the Court, disclosure of such material or information contained herein is limited to:

    (a)    The parties;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Court personnel, including court reporters, persons operating video recording equipment at depositions, any special master or mediator appointed by the Court, and;

    (d)    Any expert witness or outside consultant retained or consulted by the parties.

6. **Disputes Concerning Designation(s) of Confidential Information**:  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from the Court.

7. **Binding Effect of this Order**: This order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony is made pursuant to the terms of this Order.

8. **Return of Confidential Information**: At the conclusion of this litigation the parties respective counsel shall, upon written request by either party within thirty (30) days of the conclusion of this matter, return all documents which fall under the scope of this Order.  The parties, however, retain the right to retain any documents that were admitted as exhibits in this case.

WHEREFORE, the parties pray that the Court adopt this Joint Proposed Protective Order, as set-out above and enter this Order approving and ordering that the above-stipulation be binding upon all parties and shall remain in full force and effect until further Order from this Court.

**IT IS SO ORDERED.**

Dated:  June 3, 2008

   s/ Donald W. Bostwick
U.S. Magistrate Judge